■ In the Matter of OTTO R. KAMPER, Petitioner, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent. In the Matter of MERYLE W. CLARK, Petitioner, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent. In the Matter of HENRIETTA HEINS, Petitioner, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent.— Proceedings pursuant to CPLR, article 78, to review and annul determinations of the Secretary of State of the State of New York, made after a hearing, which suspended the real estate salesman licenses of petitioners Clark and Kamper for a period of two months and of petitioner Heins for two weeks. The proceedings were transferred to this court for disposition by orders of the Supreme Court, Westchester County, entered January 6, 1966. Determinations confirmed, without costs to petitioners. The disciplinary actions were based on a finding of petitioners' "demonstrated untrustworthiness" to act as real estate salesmen (Real Property Law, § 441-c, subd. 1) by reason of their having committed various unlawful discriminatory practices in refusing to rent or to sell housing accommodations to persons of the Negro race by reason of their color. In our opinion, the administrative determination is supported by substantial evidence. Moreover, we further conclude that the fact that racial discrimination by real estate brokers and salesmen may properly form the basis of a complaint to the State Commission for Human Rights, does not thereby bar the Department of State from disciplining such licensees under Real Property Law (§ 441-c, subd. 1) for demonstrating "untrustworthiness" by such conduct. The Department of State is not hereby enforcing article 15 of the Executive Law but is merely exercising the disciplinary powers which it has over real estate brokers and salesmen (cf. *National Broadcasting Co.* v. *United States,* 319 U. S. 190), and such licensing agency cannot be prevented from invoking its disciplinary powers by virtue of the fact that an individual has proceeded under a statute which provides an alternative remedy for the conduct complained of. Furthermore, it is of no consequence, under the circumstances herein, that the Department of State has not promulgated an express rule relating to the discriminatory practice in issue in this case (cf. *Matter of 4M Club* v. *Andrews,* 11 A D 2d 720). Beldock, P. J., Ughetta, Brennan and Hopkins, JJ., concur; Hill, J., dissents and votes to

annul the determination, with the following memorandum: Respondent found that petitioners committed an "unlawful discriminatory practice" as proscribed by section 296 (subd. 5, par. [c]) of the Executive Law, and that said violation warranted suspension of their licenses for "untrustworthiness" (Real Property Law, § 441-c). I disagree. Article 15 of the Executive Law (which includes § 296) and the agency created thereunder, the State Commission for Human Rights (SCHR) are the New York Legislature's answer to the "need for a programmatic enforcement of the anti-discrimination laws" (*Gaynor* v. *Rockefeller*, 15 N Y 2d 120, 132). The Legislature has set forth the procedure to be followed whenever there is an alleged violation of section 296 (see § 297) and has cloaked SCHR with broad powers to make sure that the law is enforced. Nowhere in article 15 is there any provision for action by the Department of State and thus, in our opinion, respondent's attempt to enforce the law here was unauthorized. Nor was the authority supplied by respondent's equating petitioners' conduct with "untrustworthiness". Respondent has promulgated only one regulation governing the behavior of real estate brokers and salesmen in racial matters and that is the regulation prohibiting "block-busting" (19 NYCRR 175.17). There was no claim here that petitioners violated this regulation, and, indeed, no claim that petitioners violated any specific rule established by respondent. The determinations should be reversed and the suspensions annulled (see *Matter of Abel* v. *Lomenzo*, 25 A D 2d 104).